¹FARMERS EXCHANGE v. THE WALTER M. LOWNEY COMPANY.

May Term, 1919.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed October 9, 1919.

*Principal and Agent—Evidence of Agency in Contract of Sale.*

Defendant closed a trade with a sugar company for the purchase and delivery of two lots of sugar. Later the sugar company contracted with the plaintiff to ship the sugar to defendant, and to bill the same direct to the defendant, and to credit the sugar company with its profit, which the plaintiff did. Later the defendant paid the sugar company for the sugar. In a suit brought against defendant for the price of the sugar, the court below found that in the transactions the sugar company acted as the agent of the plaintiff, who was then an undisclosed principal. *Held,*

(1)   That, the contract between the sugar company and defendant having been made and their rights thereto fixed and vested before the alleged agency was created, no arrangement between the sugar company and the plaintiff alone could affect the status of the former when, acting for itself, it dealt with the defendant;

(2)   That there was no evidence sufficient to support the finding of agency.

ACTION OF CONTRACT to recover for two shipments of maple sugar. Plea, the general issue. Trial by Court at the March Term, 1918, Franklin County, *Butler,* J., presiding. Judgment for the plaintiff. The defendant excepted. The opinion states the case.

*H. C. Shurtleff* for the defendant.

*C. G. Austin & Sons* and *Warren R. Austin* for the plaintiff.

POWERS, J.   This suit results from the shipment to the de-

¹ NOTE:—When this case was originally argued it was assigned to Mr. Justice HASELTON. Upon his retirement from the bench, the case, being ordered for reargument, was assigned to Mr. Justice POWERS.

fendant by the plaintiff of two lots of maple sugar on orders given by the Vermont Maple Sugar & Syrup Company, a concern doing business in the city of New York. The plaintiff had judgment below on facts found by the court, and the defendant argues here only exceptions taken to the findings and to the judgment.

On or about July 18, 1917, the defendant closed a trade with this sugar company for the purchase of the two lots of sugar above referred to. By the terms of this contract, the first lot of four tons was to be delivered at once. The other lot, a car load, was to be delivered later on defendant's order. The sugar company obtained the four tons from a concern in Lowville, N. Y., and it was delivered from that point, though on account of delay in shipment the sugar company also directed the plaintiff to send the defendant a like amount, which was done. The sugar company opened negotiations with the plaintiff regarding this sugar on July 27, 1917, and its letter of that date authorized the plaintiff to bill the same direct to the defendant, crediting the company with its profit. To this letter the plaintiff replied, quoting a price, and, in effect, agreeing to ship the sugar to the defendant on the company's order, to bill it to and make draft on the defendant, and to send the company a check for its profit when the draft was paid. The sugar was ordered by the New York Company and shipped by the plaintiff to the defendant accordingly. The plaintiff sent to the defendant the bills of lading together with bills for the sugar; it charged the same to the defendant on its books; and it credited to the sugar company the difference between its own price and what the defendant was to pay. In due time, the defendant paid the sugar company for the sugar at the price agreed upon with it.

The court below found the fact to be that in these transactions the sugar company acted as the agent of the plaintiff, who was then an undisclosed principal; that the defendant knew nothing of this agency until it received the bills above referred to; and that it then and thereafter until payment as above, only had such knowledge of the agency as it received, or ought to have received, therefrom and certain correspondence that followed.

While it sufficiently appears that the sugar company was not in any general sense an agent of the plaintiff, but was a dealer wholly independent of it, it was, of course, competent for those parties to enter into a special arrangement with reference to a

particular deal which would result in making the former, *pro hac vice,* the agent of the latter. As we have seen, however, the contract between the defendant and the sugar company preceded any arrangement between the sugar company and the plaintiff. The first named contract was made and completed, and the rights of the parties thereto became fixed and vested long enough before the alleged agency was created. This being so, no arrangement entered into between the sugar company and the plaintiff alone could relate back to affect the status of the former when, acting for itself, it dealt with the defendant.

For want of supporting evidence, the exception to the finding of agency is sustained. Without this finding, the judgment cannot stand, and will have to be reversed. Whether the plaintiff can recover on the theory of equitable assignment or otherwise are questions not litigated or considered.

*Reversed and remanded.*